IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES LEE HENDERSON, *Petitioner*, | § § § | CIVIL ACTION NO. 1:06-CV-0507-MJT |
| | § | **SEALED** |
| v. | § § | |
| DIRECTOR, TDCJ-CID, *Respondent*. | § § § | |

## ORDER

Before the Court is Petitioner James Lee Henderson's *Nunc Pro Tunc* Motion for Authorization to Retain Investigator and Expert (Docket No. 99). Petitioner is seeking to have the Court reimburse his appointed counsel, Mr. Eric Albritton, in the amount of $43,415.16 for the retaining of investigators and experts to perform work associated with his unexhausted *Moore* claim in state court. Mr. Albritton paid Petitioner's investigators and experts out of pocket rather than seeking prior authorization from the Court to retain the investigators and experts and requesting a budget for the payment of the authorized investigators and experts.[1]

Mr. Albritton was appointed to represent Petitioner in September 2006, pursuant to 18 U.S.C. § 3599, regarding Petitioner's *Atkins v. Virginia* claim. 536 U.S. 304 (2002) (banning execution of the mentally retarded).[2] After the Supreme Court's holding in *Moore v. Texas,* 137 S. Ct. 1039 (2017) (rejecting the use of Texas' *Briseno* factors to evaluate claims of intellectual

---

[1] Petitioner's motion reflects that Mr. Albritton admirably performed significant cost-savings in his dealings with the investigators and experts regarding their services and expenses. Unfortunately, cost-savings is not the test for reimbursement before the Court at this time.

[2] The complete procedural history may be reviewed in Petitioner's motion. (Docket. No. 99, pp. 1-3).

disability), Petitioner filed a Motion to Stay and Hold in Abeyance Pending Exhaustion of his Post-*Moore/Atkins* Claim. On December 19, 2017, the Court granted Petitioner's motion to stay his case and permitted him return to state court to exhaust his intellectual disability claim. (Docket No. 89). On April 15, 2020, the Texas Court of Criminal Appeals found that Petitioner suffered from an intellectual disability and commuted his death sentence to life imprisonment.

A review of the *nunc pro tunc* motion and attached exhibits reveal that a request is being made for compensation of mitigation investigators and experts pertaining to work performed in conjunction with the State habeas corpus proceedings. The mitigation investigators and experts were retained and performed their various aspects of Mr. Henderson's mitigation defense between September 1, 2017 and August 15, 2019—during the time the case was stayed in federal court approximately. This case has been stayed and held in abeyance from December 19, 2017 to April 23, 2020. (Docket No. 98).

The state trial court entered findings of facts and conclusion of law recommending relief on Petitioner's intellectual disability claim on September 12, 2019. Those findings and conclusions were transmitted to the Texas Court of Criminal Appeals to consider granting relief on Petitioner's intellectual disability claim. On April 15, 2020, the Texas Court of Criminal Appeals entered an opinion granting relief on Petitioner's intellectual disability claim. As a successful party, Mr. Albritton should be paid by the State for work performed in State court. *See* TEX. CODE CRIM. PROC. ART. 11.071, § 6(b–1), (b–2) (providing for attorney compensation and reimbursement for expenses for subsequent writ application only after permission to proceed has been granted by this Court). Not only should Mr. Albritton be paid for his services performed in state court by Texas,

Mr. Albritton should also be reimbursed for the expenses that were reasonably incurred on Petitioner's behalf based on the Texas statutes.

There is no indication in Mr. Albritton's *nunc pro tunc* motion or exhibits that he has returned to the state trial court to request funds under TEX. CODE CRIM. PROC. ART. 11.071, § 6(b–1), (b–2) for the reimbursement of his mitigation investigators and experts since Petitioner has clearly prevailed on his subsequent habeas application.[3] It is accordingly

**ORDERED** that the *nunc pro tunc* motion for authorization to retain investigator and expert (Docket No. 99) is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that counsel shall have 60 days to return to the state trial court and request reimbursement under TEX. CODE CRIM. PROC. ART. 11.071, § 6(b–1), (b–2) for his expenses for mitigation investigators and experts performed in connection with his successful state habeas application. Counsel may resubmit his *nunc pro tunc* motion for reimbursement to this Court upon a showing of either an unsuccessful attempt at reimbursement or a partial success at reimbursement from the Texas state court pursuant to TEX. CODE CRIM. PROC. ART. 11.071, § 6(b–1), (b–2).

**SIGNED this 4th day of June, 2020.**

_____
Michael J. Truncale
United States District Judge

---

[3] Texas law mandates that the convicting court "*shall* appoint" counsel if the Texas Court of Criminal Appeals finds "that the requirements of Section 5 for consideration of a subsequent application have been met." TEX. CODE CRIM. PRO. art. 11.071 § 6 (emphasis added). Under state law, the convicting court will then appoint "the attorney who represented the applicant in the [original habeas proceedings]," "the office of capital and forensic writs," or "counsel from a list of competent counsel maintained by the presiding judges of the administrative judicial regions." *Id.*